IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _____ D.C.

05 DEC 14 PM 4:22

THOMAS M. GOULD
CLERK, US DISTRICT COURT
W/D OF TN, MEMPHIS

| | |
|---|---|
| ALAERIC TEVON BIRGE, a minor, by mother and next friend, PHENIQUESKI S. MICKENS<br><br>Plaintiff,<br><br>vs.<br><br>DOLLAR GENERAL CORPORATION, DOGLENCORP, INC., TOMMY LEE TURLEY, JEREMY GARRETT, COREY RICHMOND,<br><br>Defendants. | No. 04-2531 BP |

## ORDER DENYING DEFENDANT'S MOTION TO STAY ALL PROCEEDINGS

Before the court is Defendants Dollar General Corporation and Dolgencorp, Inc.'s (collectively "Dollar General") Motion to Stay, filed October 17, 2005 (dkt #19). Plaintiff Alaeric Tevon Birge filed his response in opposition on October 28, 2005. On October 18, the matter was referred to the Magistrate Judge for determination. For the following reasons, the motion is DENIED.

I. BACKGROUND

On March 29, 2004, at approximately 6:30 p.m., decedent Dexter Birge parked his truck in the parking lot outside of a Dollar General store located at 7110 East Shelby Drive, Memphis, Tennessee. After leaving the Dollar General, Birge was confronted



by three men who demanded that Birge give them his keys so that they could take his tire rims off of his truck. After a struggle with one of his assailants, Birge was shot and killed. Shortly thereafter, the Memphis Police Department arrested Tommy Lee Turley, Jeremy Garrett, and Corey Richmond (collectively "criminal defendants") in connection with Birge's murder. All three criminal defendants have been indicted and await trial in Shelby County Criminal Court on charges of assault, robbery, and murder.

On July 14, 2004, Alaeric Birge, a minor, filed a complaint against Dollar General, alleging that it was negligent, willful and reckless in failing to prevent Birge's death on its premises.[1] In the present motion, Dollar General asks the court to stay all proceedings in this civil case until the resolution of the criminal defendants' three parallel criminal cases. Dollar General argues that it will not have a fair opportunity to defend against Birge's claim until after the criminal defendants have been tried because the information gathered by the prosecutor's office is part of an ongoing criminal investigation and therefore unavailable to Dollar General.[2] Birge contends that it will be prejudiced by a stay because it will have difficulty finding and deposing Dollar General

---

[1]On March 11, Birge amended his complaint to add defendants Turley, Garrett, and Richmond.

[2]The information sought includes tape-recorded statements by the criminal defendants, a mental health evaluation performed by Dr. Lynne Zager, and all documents contained in the criminal investigation file. (Def's Mem. at 10).

employees and witnesses if the case is delayed.

## II. ANALYSIS

A court is not required to issue a stay of civil proceedings pending the outcome of parallel criminal prosecutions. In re Scrap Metal Litigation, No. 02-0844, 2002 WL 31988168, at *2 (N.D. Ohio Nov. 7, 2002). Rather, the decision to stay proceedings is within the court's discretion. See Nichols v. Baptist Memorial Hosp., No. 02-2561, 2004 WL 2905406, at *2 (W.D. Tenn. April 2, 2004)(unpublished). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis et al. v. North American Co., 299 U.S. 248, 254 (1936). "In the exercise of that discretion, the Court must weigh and maintain an even balance among competing benefits and hardships." Wilson v. Unum Life Ins. Co. of America, No. 03-0070, 2004 U.S. Dist. LEXIS 24454, at *9 (M.D. Tenn. Jan. 22, 2004) (unpublished) (citing Landis, 299 U.S. at 258-59).

In deciding whether to stay civil proceedings pending the resolution of a parallel criminal case, courts generally consider the following factors: (1) the extent to which the issues in the civil and criminal proceedings overlap; (2) the status of the criminal proceedings; (3) the plaintiff's interests in expeditious civil proceedings weighed against the prejudice to the plaintiff

caused by the delay; (4) the hardship on the defendant; (5) the convenience of both the civil and criminal courts; and (6) the interests of the public and third parties. Bell v. Todd, No. M2003-00192, 2005 Tenn. App. LEXIS 583, *15-16 (Tenn. Ct. App. Sept. 14, 2005) (unpublished); see also Keating v. Office of Thrift Supervision, 45 F.3d 322, 325 (9th Cir. 1995); Hicks v. City of New York, 268 F.Supp.2d 238, 241 (E.D.N.Y. 2003); In re Scrap Metal Litigation, 2002 WL 31988168, at *2.[3]  "The strongest case for deferring civil proceedings until after completion of a criminal prosecution is where a party under indictment for a serious offense also involves a civil or administrative action concerning the same matter." Newman v. United States, No. 90-7646, 1992 U.S. Dist. LEXIS, at *3 (N.D. Ohio Jan. 10, 1992) (unpublished).

The court finds Hicks particularly persuasive. In Hicks, the court denied a request by the defendant City of New York ("the City") for a stay of civil proceedings pending the resolution of parallel criminal proceedings against a co-defendant city employee who shot and killed the plaintiff's mother. Hicks, 268 F.Supp.2d at 241, 243. The Hicks plaintiff's complaint alleged that the City was negligent in its hiring, training, and monitoring of the indicted defendant. Id. at 241. The court concluded that because

---

[3]This test has been applied to motions seeking limited discovery stays as well as complete stays of all civil proceedings. See Hollinger Intl'l, Inc. v. Hollinger Inc., No. 04-698, 2005 U.S. Dist. LEXIS 14437, at *10 n.4 (N.D. Ill. July 15, 2005) (unpublished) (citing cases).

the moving party was not a criminal defendant, and the indicted co-defendant had not requested a stay, the status of the criminal case favored the denial of a stay. Id. at 242. The Hicks court further concluded that the City would not be unduly prejudiced by the denial of a stay, and found that the plaintiff's interest in the expeditious resolution of her complaint outweighed the City's potential prejudice. Id. at 243. With Hicks in mind, this court's application of the six-factor analysis demonstrates that a stay in this case is unnecessary and inappropriate.

### 1. Overlap Between Criminal and Civil Proceedings

The court finds that there is some overlap of issues between the criminal and civil proceedings. On the one hand, both cases stem from the same principal event – the murder of Dexter Birge in the Dollar General parking lot on March 29, 2004. On the other hand, the criminal and civil cases differ in that the criminal case deals with the criminal responsibility of the criminal defendants, while the civil case – at least with respect to Dollar General and its motion to stay – involves the issue of whether Dollar General was negligent, willful and reckless in failing to prevent Dexter Birge's murder on its premises. The court finds that this factor weighs slightly in favor of a stay.

### 2. The Status of the Criminal Action

"A court will generally stay a civil proceeding when a criminal investigation has ripened into an indictment against the

proponent of the stay." Hicks, 268 F.Supp.2d at 242. A criminal indictment is significant "because proceeding in related civil and criminal proceedings could (1) undermine a party's Fifth Amendment privilege against self-incrimination; [and] (2) expose the basis of a party's criminal defense in advance of trial. . . ." Id.

Neither of these rationales apply to the present case. First, Dollar General, rather than the criminal defendants, is the proponent of the stay. Id. Thus, the proponent's Fifth Amendment rights are not at risk of being undermined in Birge's civil proceedings.[4] Second, because Dollar General is not a party to the criminal proceedings, advancing with this civil case does not risk exposing the proponent's criminal defense. Id. Thus, the court finds that this factor weighs against granting Dollar General's motion.

### 3. Prejudice to the Plaintiff

"In general, absent a showing of undue prejudice upon defendant or interference with his constitutional rights, there is no reason why plaintiff should be delayed in [his] efforts to diligently proceed to sustain [his] claim." Hicks, 268 F.Supp.2d at 241 (quoting Paine, Webber, Jackson & Curtis Inc. v. Malon S. Andrus, Inc., 486 F.Supp. 1118, 1119 (S.D.N.Y. 1980)). Because

---

[4]It is well-settled that a corporation has no Fifth Amendment privilege against self-incrimination. See Wilson v. United States, 221 U.S. 361, 382-83 (1911); In re Grand Jury Proceedings, 576 F.2d 703, 705 (6th Cir. 1978).

granting a stay in this case would result in a lengthy stay, the court finds that Birge may suffer significant prejudice if Dollar General's motion is granted.

A criminal defendant's Fifth Amendment privilege against self-incrimination attaches until the defendant's "sentence has been fixed and the judgment of conviction has become final." Mitchell v. United States, 526 U.S. 314, 326 (1999). Only when "no adverse consequences can be visited upon the convicted person by reason of further testimony" does the conviction become final. Id. Thus, if a stay is granted in this case until the criminal defendants may no longer refuse to testify based on their privilege against self-incrimination, Birge will be denied the opportunity to prosecute his claim until the criminal defendants, if found guilty, completely exhaust their available appeals. See Sterling Nat'l Bank v. A-1 Hotels Int'l, Inc., No. 00-7352, 2004 U.S. Dist. LEXIS 11566, at *4 n.2 ("[W]here the defendant has been convicted, but that conviction is on appeal, the judgment cannot be deemed final for purposes of the privilege because testimony offered in related civil proceedings has the potential to prejudice him in connection with his appeal and at a potential retrial."). The delay occasioned by a stay is indefinite and could very well extend beyond the one-year stay period projected by Dollar General. Such an indefinite stay is disfavored. See In re Scrap Metal Litigation, In re Scrap Metal Litigation, 2002 WL 31988168, at *6.

-7-

This factor, therefore, weighs against a stay.

### 4. Prejudice to the Defendant

Among its defenses to Birge's claims, Dollar General argues that the criminal defendants could not have been deterred from attacking Dexter Birge. Evidence of the criminal defendants' mental states in the moments preceding their attack upon Birge may be relevant to Dollar General's defense. Because the criminal defendants have a Fifth Amendment right against self-incrimination, Dollar General is unable to compel the criminal defendants to explain their mental state on March 29, 2004. Dollar General is also unable to obtain all information gathered by the prosecutor's office in its investigation and prosecution of the criminal defendants.

Nonetheless, "a defendant has no absolute right not to be forced to choose between testifying in a civil matter and asserting his Fifth Amendment privilege." Keating v. Office of Thrift Supervision, 45 F.3d 322, 326 (9th Cir. 1995). Although Dollar General states that "it is almost certain that Mr. Garrett and Mr. Richmond will assert their right to invoke their Fifth Amendment privilege against self-incrimination in response to any questions at trial regarding the facts and circumstances of the case," such an assertion is only an assumption at this time, as Dollar General has not formally noticed the criminal defendants for their

-8-

depositions. (Def.'s Mem. in Support at 11).[5]

The deadline for discovery in this case passed on September 16, 2005. Thus, regardless of whether a stay is granted in this case, Dollar General's window to obtain discovery in this case has closed. Because the deadline for obtaining discovery has passed, a stay in this case will not assist Dollar General in obtaining discovery from the criminal defendants or the prosecutor's office. Further, there is simply no indication whether the "unavailable evidence," that is, the criminal defendants' testimony about the murder, will be favorable or unfavorable to Dollar General. See IQ Products Co. v. Onyx Corp., 48 Fed. Appx. 107 (5th Cir. 2002)(court may deny motion to continue trial based on unavailable witness where movant fails to show that substantial favorable evidence would be tendered by the unavailable witness); see also Gardner v. Barnett, 175 F.3d 580, 585 (7th Cir. 1999) (quoting United States, ex rel. Searcy v. Greer, 768 F.2d 906, 913 (7th Cir. 1985); United States v. Estrada, 979 F.2d 853, at **2 (7th Cir. 1992) (unpublished disposition).

Moreover, although Shelby County has refused to release the tape-recorded statements of the criminal defendants or the records concerning the mental evaluations performed on the criminal

---

[5]In its Memorandum of Law in Support of Motion to Stay, Dollar General makes the general statement that it has been advised that the criminal defendants would assert their Fifth Amendment privilege and refuse to speak if deposed. (Def.'s Mem. in Support at 11).

defendants, both parties have received copies of the transcripts of the criminal defendants' statements to Shelby County investigators. Thus, the remaining "unavailable evidence" is only tenuously related to the primary issues in this case, see Hicks, 268 F.Supp.2d at 243, and its unavailability will not substantially prejudice Dollar General at trial. Finally, because the Government is not a party in this case, there is no danger that it is "using the civil case 'to escalate the pressure on defendants by manipulating simultaneous civil and criminal proceedings, both of which it controls.'" Hollinger Int'l, 2005 U.S. Dist. LEXIS 14437, at *18-19 (quoting Sterling Nat'l Bank, 175 F.Supp.2d at 578-79). The court, therefore, finds that any prejudice suffered by Dollar General is outweighed by the prejudice that Birge would suffer due to a lengthy, indefinite stay.

### 5. Interests of the Court and Public

The court "has an obligation to move its docket, and not let cases languish before it." In re Scrap Metal Litigation, In re Scrap Metal Litigation, 2002 WL 31988168, at *7. See also United States v. Private Sanitation Indus. Assoc. of Nassau/Suffolk, Inc., 811 F.Supp. 802, 808 (E.D.N.Y. 1992) ("Convenience of the courts is best served when motions to stay proceedings are discouraged."). Further, indefinite stays are disfavored by the courts. In re Scrap Metal Litigation, 2002 WL 31988168, at *6. Trial for this case is set for January 23, 2006. The court believes that it is

against its best interest to stay this case for a lengthy indefinite period, particularly at this late stage in the litigation. See Republic Credit Corp. I v. Autorino, No. 399-CV-286PCD, 2001 WL 789310, at *3 (D. Conn. June 1, 2001) (unpublished) ("the interests of the public, both financial and otherwise, are served by the expeditious resolution of this matter").

### III. CONCLUSION

For the reasons above, Defendant's Motion to Stay All Proceedings is DENIED.

IT IS SO ORDERED.

_____
TU M. PHAM
United States Magistrate Judge


December 14, 2005
Date

-11-

# UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 59 in case 2:04-CV-02531 was distributed by fax, mail, or direct printing on December 15, 2005 to the parties listed.

---

John D. Richardson
THE RICHARDSON LAW FIRM
119 S. Main St.
Ste. 725
Memphis, TN 38103

John McQuiston
STOKES BARTHOLOMEW EVANS & PETREE, P.A.
1000 Ridgeway Loop Rd.
Ste. 200
Memphis, TN 38120

Michael R. Marshall
STOKES BARTHOLOMEW EVANS & PETREE, P.A.
1000 Ridgeway Loop Rd.
Ste. 200
Memphis, TN 38120

Paul S. Davidson
WALLER LANSDEN DORTCH & DAVIS
511 Union St.
Ste. 2700
Nashville, TN 37219--896

Teresa Ann Boyd
THE RICHARDSON LAW FIRM
119 South Main
Ste. 725
Memphis, TN 38103

Honorable J. Breen
US DISTRICT COURT