IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

ALAERIC TEVON BIRGE, a minor,
by mother and next friend,
PHENIQUESKI S. MICKENS,

      Plaintiff,

v.                                                                No. 04-2531 B

DOLLAR GENERAL CORPORATION,
DOLGENCORP, INC.,
TOMMY LEE TURLEY,
JEREMY GARRETT,
COREY RICHMOND,

      Defendants.

_____

ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS
_____

Before the Court is the January 10, 2006 motion of the Defendant, Dollar General Corporation ("Dollar General"), for judgment on the pleadings for the individually named Defendants, or in the alternative, to dismiss the individual Defendants who are misjoined. For the reasons articulated herein, however, the Court need not reach the merits of the motion.

On September 21, 2004, United States Magistrate Judge Tu M. Pham entered a scheduling order in accordance with Fed. R. Civ. P. 16(b) which, among other things, set the deadline for dispositive motions at October 17, 2005. The Court further provided therein that "[a]bsent good cause shown, the scheduling dates set by this order will not be modified or extended." (Rule 16(b) Scheduling Order at p. 2.) The instant motion, filed January 10, 2006, was filed nearly 3 months after the deadline for such motions had expired and less than two weeks before the action is

1

scheduled for trial.

Rule 16(b), which governs the October 17, 2005 scheduling order, states that "[a] schedule shall not be modified except upon a showing of good cause and by leave of the district judge . . ." Fed. R. Civ. P. 16(b). "Because a court's scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded . . . without peril, a movant must demonstrate that the reasons for the tardiness of his motion justify a departure from the rules set by the court in its scheduling order." Odyssey Travel Ctr., Inc. v. RO Cruises, Inc., 262 F.Supp.2d 618, 632 (D. Md. 2003) (internal citations and quotation marks omitted). Because of burgeoning caseloads and clogged court calendars, it is imperative that district courts be allowed to manage litigation. Scheduling orders are critical in moving cases to a just outcome in an efficient manner. See Luigino's, Inc. v. Pezrow Cos., 178 F.R.D. 523, 525 (D. Minn. 1998). In order to accomplish this end, deadlines "must have teeth" and must be enforced by the courts. See Jones-Bey v. Wright, No. 3:94CV0218 AS, 1996 WL 441786, at *4 (N. D. Ind. July 22, 1996).

The linchpin of Rule 16(b)'s good cause standard is the diligence of the party seeking to deviate from the scheduling order's deadlines. Odyssey Travel Ctr., Inc., 262 F.Supp.2d at 632. "Lack of diligence and carelessness are hallmarks of failure to meet the good cause standard. . . . *If that party is not diligent, the inquiry should end.*" Id. (emphasis in original) (citations omitted). "A litigant's inattention or error is not good cause by any standard." Jones-Bey, 1996 WL 441786, at *3 (quoting Holstein v. Brill, 987 F.2d 1268, 1271 (7th Cir. 1993)). There is no indication in the Court's file that the Defendant sought an extension of time for filing dispositive motions. Furthermore, the Defendant argues in the instant motion only the merits of his case, with no mention whatever of the reasons for the motion's tardiness.

As it is clear that the Defendant's motion for judgment on the pleadings, or alternatively, to dismiss was filed out of time without good cause, it is hereby DENIED.  The court notes at this point that the scheduling order at issue was entered in September 2004 with trial set to commence January 23, 2006.  Defendant timely filed a motion for summary judgment on October 17, 2005.  Had the Defendant found it necessary that the deadline for dispositive motions be extended for additional filings, it had more than sufficient time in which to seek such relief.

**IT IS SO ORDERED** this 12th day of January, 2006.


s/  J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE