IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

ALAERIC TEVON BIRGE, a minor,
by mother and next friend,
PHENIQUESKI S. MICKENS,

    Plaintiff,

v.                                                                                        No. 04-2531 B

DOLLAR GENERAL CORPORATION,
DOLGENCORP, INC.,
TOMMY LEE TURLEY,
JEREMY GARRETT,
COREY RICHMOND,

    Defendants.
_____

ORDER OVERRULING APPEAL AND AFFIRMING
THE MAGISTRATE JUDGE'S ORDER
_____

On September 25, 2006, Magistrate Judge Tu Pham entered an order granting the motion of the Defendants, Dollar General Corporation and Dolgencorp, Inc. (collectively "Dollar General"), to exclude the opinion and testimony of David H. Ciscel, an economic expert employed by the Plaintiff, Alaeric Tevon Birge, a minor by his mother and next friend Pheniqueski S. Mickens. Disagreeing with the ruling, the Plaintiff filed an appeal of the Magistrate Judge's order on October 5, 2006. For the reasons set forth below, the order of the Magistrate Judge is AFFIRMED.

On March 29, 2004, Dexter Birge, the father of the minor Plaintiff, Alaeric Birge, parked his car in the Dollar General parking lot located at 7110 East Shelby Drive in Memphis and went inside the store. (Pl.'s Appeal of the Magistrate Judge's Order at 1). As Birge exited the store and entered onto the parking lot, he was approached by three men who demanded that Birge give them his keys

"so that they could take his tire rims." (Order Granting Def.'s Mot. to Exclude Testimony of David H. Ciscel) ("Order" at 2). During an ensuing struggle, Birge was shot and killed. Thereafter, the Plaintiff filed this cause of action, alleging that Dollar General was negligent in failing to prevent Birge's death, which occurred on its premises. (Id. at 3). As part of his findings, Magistrate Judge Pham set forth the following with regard to the decedent's employment history and the economist's conclusions as to Birge's future lost income:

> Dexter Birge was a high school graduate who worked at B's Quick Stop from 1994 until the date of his death. B's Quick Stop is a family-owned general convenience store and gas station in Como, Mississippi. Dexter Birge worked at the store with his parents, performing duties such as working the cash register, cooking, and assisting in running the day-to-day operations of the business. As part of his case, Birge retained forensic economist Dr. David H. Ciscel to provide expert testimony concerning the lost future net income of Dexter Birge. Because no documents were available to Dr. Ciscel relating to Dexter Birge's income history or net worth, such as W-2s, tax returns, pay check stubs, or bank account records, Dr. Ciscel was unable to calculate Birge's future income based on any actual past income data. Due to this lack of information, Dr. Ciscel calculated Birge's lost future income based on the assumption that Birge was a manager of B's Quick Stop. Using a composite average annual salary for food service managers, first line supervisors and managers, and supervisors of retail workers in eight nearby counties in Arkansas, Tennessee, and Mississippi, Dr. Ciscel computed Dexter Birge's 2004 annual salary as $37,918. Dr. Ciscel opined that had Birge continued to manage B's Quick Stop until his retirement in 2043, his future income discounted to present value would be $1,019,889.

(Id. at 3-4).

The Magistrate Judge began his analysis by finding that Dr. Ciscel was qualified to offer expert testimony concerning future lost income.[1] (Id. at 8). Judge Pham, however, concluded that

---

[1] Judge Pham's order noted that

Dr. Ciscel's testimony was too speculative and unreliable to be admissible at trial because it was based upon insufficient information about Dexter Birge's income, both past and future, and B's Quick Stop's payment of wages to the decedent.  (Id. at 9-16).

Pursuant to Rule 72 of the Federal Rules of Civil Procedure, upon the filing of objections, the district court, in a review of rulings on nondispositive preliminary motions, is to "consider such objections and . . . modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law."  Fed. R. Civ. P. 72(a); see also Baker v. Peterson, 67 Fed. Appx. 308, 310 (6th Cir. June 5, 2003).  "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  United States v. U.S. Gypsum Co., 333 U.S. 364, 395, 68 S. Ct. 525, 542 (1948).  Based upon a careful review of the order and the filings of the parties, the undersigned is not firmly convinced that the magistrate judge's conclusions were mistaken.  Thus, the objections are DENIED and the order of the Magistrate Judge is AFFIRMED.

In the Plaintiff's appeal, he concludes by stating that

> if this Court has any inclination whatsoever to affirm the ruling of Magistrate Judge Pham, then this Court, at a bare minimum, should

---

> Dr. Ciscel served as the Chairman of the Department of Economics [at the University of Memphis] from 1983 to 1986, and Dean of the graduate school from 1992 to 1995.  From 1999 to 2001, Dr. Ciscel was a senior consultant with the Federal Reserve Bank of St. Louis.  Since 1986, Dr. Ciscel has also worked as a litigation consultant in calculating lost income in cases involving wrongful death, work injury, wrongful termination, and discrimination. Dr. Ciscel has been admitted to testify as an expert economist in both state and federal courts.

(Order at 8-9).

>allow Dr. Ciscel to render testimony to the jury based upon the highly disputed and controversial testimony of Robert Birge that Dexter Birge was paid $50.00 per day for his work as B's Quick Stop, and/or this Court should allow Dr. Ciscel to testify based upon the decedent, Dexter Birge, earning minimum wage throughout the course of his lifetime.

(Pl.'s Appeal of the Magistrate Judge's Order at 12-13). The Court notes that the Magistrate Judge did not consider either of these issues nor were they presented to him as part of the motion to exclude or the response.[2] Therefore, the Court will treat the Plaintiff's request as a motion to allow Dr. Ciscel to testify as to the decedent's lost earnings based upon either $50 per day or the minimum wage, the latter of which was never addressed by any evidence.

At this late date, the Plaintiff now seeks an alternative route for presenting to the jury an economic value of the decedent's life. The deadline for the Plaintiff's expert witness disclosure, including his conclusions, was August 5, 2005. (See Docket Entry #5). As such and based upon the impending trial date of January 22, 2007, the motion of the Plaintiff to allow Dr. Ciscel to testify as to the decedent's lost earnings based upon either $50 per day or minimum wage is DENIED as untimely.

**IT IS SO ORDERED** this 27th day of December, 2006.

>s/  J. DANIEL BREEN
>UNITED STATES DISTRICT JUDGE

---

[2] However, part of the Magistrate Judge's order recites testimony from Ciscel who stated that the $50-a-day wage data provided by Robert Birge, the decedent's father, was "useless information," which he would not consider. (Order at 15).