IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

ALAERIC TEVON BIRGE, a minor,
by mother and next friend,
PHENIQUESKI S. MICKENS,

    Plaintiff,

v.                                                                  No. 04-2531 B

DOLLAR GENERAL CORPORATION,
DOLGENCORP, INC.,
TOMMY LEE TURLEY,
JEREMY GARRETT,
COREY RICHMOND,

    Defendants.
_____

ORDER OVERRULING OBJECTIONS AND AFFIRMING
THE MAGISTRATE JUDGE'S ORDER
_____

On September 21, 2006, Magistrate Judge Tu Pham entered an order granting the motion of the Defendants, Dollar General Corporation and Dolgencorp, Inc. (collectively "Dollar General"), to exclude an April 2, 2004 article from the Memphis Flyer and a statement therein from Andrea Turner, a Dollar General spokesperson. On September 30, 2006, the Plaintiff, Alaeric Tevon Birge, a minor by his mother and next friend Pheniqueski S. Mickens, filed an appeal of the Magistrate Judge's order. For the reasons set forth below, the order of the Magistrate Judge is AFFIRMED.

On March 29, 2004, Dexter Birge, the father of the minor Plaintiff, Alaeric Birge, parked his car in the Dollar General parking lot located at 7110 East Shelby Drive in Memphis and went inside

1

the store. (Pl.'s Appeal of the Magistrate Judge's Order at 1). As Birge exited the store and entered onto the parking lot, he was approached by three men who demanded that Birge give them his keys "so that they could take his tire rims." (Order Granting Def.'s Mot. to Exclude Testimony of David H. Ciscel at 2). During an ensuing struggle, Birge was shot and killed. Thereafter, the Plaintiff filed this cause of action, alleging that Dollar General was negligent in failing to prevent Birge's death, which occurred on its premises. (Id. at 3).

At the trial, the Plaintiff seeks to admit

> a portion of an article published in the Memphis Flyer on April 2, 2004 tilted "Easy Targets." The article describes an increase in burglaries that occurred in Memphis-area discount stores in 2003 and early 2004 and contains the following statements by a former Dollar General spokesperson, Andrea Turner:
>
>> Risky locations and discount prices go hand-in-hand because the benefits of such locations far outweigh the problems . . . . Our stores are in areas where people are most in need of the products that we sell. We sell to a niche market of the underserved customers that are on low or fixed incomes and senior citizens. We recognize that the areas are high crime areas, but we have to serve our niche.

(Order of the Magistrate Judge Granting Def.'s Mot. to Exclude the April 2, 2004 Memphis Flyer Article at 2 (citing Pl.'s Ex. 1 at 5)) ("Order").

In <u>Mcclung v. Delta Square Ltd. Partnership</u>, 937 S.W.2d 891, 904 (Tenn. 1996), the Tennessee Supreme Court held that businesses must take reasonable precautionary measures to ensure the safety of their customers from foreseeable criminal acts by third parties.

> As a practical matter, the requisite degree of foreseeability essential to establish a duty to protect against criminal acts will almost always require that prior instances of crime have occurred <u>on or in the immediate vicinity of defendant's premises</u>. Courts must consider the location, nature, and extent of previous criminal activities and their

> similarity, proximity, or other relationship to the crime giving rise to the cause of action.

McClung, 937 S.W.2d at 902 (emphasis added) (footnote omitted).  Based on this reasoning, the Magistrate Judge began his analysis by noting that "[e]vidence that the defendant's premises is located in a high crime area is relevant to the issue of foreseeability."  (Id. at 3 (citing McClung, 937 S.W.2d at 904)).  However, the Magistrate Judge found that the statements contained in the article did

> not tend to show that the Dollar General store at issue in this case is located in a high crime area.  Turner's statements merely point out that Dollar General stores generally are located in high crime areas.  McClung requires more specificity concerning prior crimes than what these statements provide.  The Mcclung court expressly limited its considerations of prior crimes to those that had occurred in the defendant's "immediate vicinity."

Id. at 4.  Based upon this determination, the Magistrate Judge excluded the Memphis Flyer article containing the statements attributed to Turner.

Pursuant to Rule 72 of the Federal Rules of Civil Procedure, upon the filing of objections, the district court, in a review of rulings on nondispositive preliminary motions, is to "consider such objections and . . . modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law."  Fed. R. Civ. P. 72(a); see also Baker v. Peterson, 67 Fed. Appx. 308, 310 (6th Cir. June 5, 2003).  "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  United States v. U.S. Gypsum Co., 333 U.S. 364, 395, 68 S. Ct. 525, 542 (1948).  Based upon a careful review of the order and the filings of the parties, the undersigned is not firmly convinced that the Magistrate Judge's conclusions were mistaken.  Thus, the objections are DENIED and the order of the Magistrate Judge is AFFIRMED.

**IT IS SO ORDERED** this 27th day of December, 2006.

                                                     s/ J. DANIEL BREEN  
                                                     UNITED STATES DISTRICT JUDGE