IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

ALAERIC TEVON BIRGE, a minor,
by mother and next friend,
PHENIQUESKI S. MICKENS,

    Plaintiff,

v.                                            No. 04-2531 B

DOLLAR GENERAL CORPORATION,
DOLGENCORP, INC.,
TOMMY LEE TURLEY,
JEREMY GARRETT,
COREY RICHMOND,

    Defendants.
_____

ORDER OVERRULING OBJECTIONS AND AFFIRMING
THE MAGISTRATE JUDGE'S ORDER
_____

On December 14, 2005, Magistrate Judge Tu Pham entered an order denying the motion to stay the proceedings by Defendant Dollar General Corporation. On December 30, 2005, Dollar General Corp. filed an appeal of the Magistrate Judge's order. For the reasons set forth below, the order of the Magistrate Judge is AFFIRMED.

On March 29, 2004, Dexter Birge, the father of the minor Plaintiff, Alaeric Birge, parked his car in the Dollar General parking lot located at 7110 East Shelby Drive in Memphis and went inside the store. (Pl.'s Appeal of the Magistrate Judge's Order at 1). As Birge exited the store and entered onto the parking lot, he was approached by three men who demanded that Birge give them his keys "so that they could take his tire rims." (Order Granting Def.'s Mot. to Exclude Testimony of David H. Ciscel). During an ensuing struggle, Birge was shot and killed. Thereafter, the Plaintiff filed this

cause of action, alleging that Dollar General was negligent in failing to prevent Birge's death, which occurred on its premises. (Id. at 3).

Dollar General filed a motion to stay the proceedings pending the outcome of the criminal action against the three men accused of killing the decedent. (Order Denying Def.'s Mot. to Stay at 2) ("Order"). In determining that the case should not be stayed, Magistrate Judge Pham considered multiple factors[1] and concluded that a stay was unnecessary and inappropriate.

Pursuant to Rule 72 of the Federal Rules of Civil Procedure, upon the filing of objections, the district court, in a review of rulings on nondispositive preliminary motions, is to "consider such objections and . . . modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); see also Baker v. Peterson, 67 Fed. Appx. 308, 310 (6th Cir. June 5, 2003). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. U.S. Gypsum Co., 333 U.S. 364, 395, 68 S. Ct. 525, 542 (1948). Based upon a careful review of the order and the filings of the parties, the undersigned is not firmly convinced that the Magistrate Judge's conclusions were mistaken. The

---

[1] Magistrate Judge Pham considered the following factors:

> (1) the extent to which the issues in the civil and criminal proceedings overlap; (2) the status of the criminal proceedings; (3) the plaintiff's interests in expeditious civil proceedings weighed against the prejudice to the plaintiff caused by the delay; (4) the hardship on the defendant; (5) the convenience of both the civil and criminal courts; and (6) the interests of the public and third parties.

(Order at 4) (citing Bell v. Todd, No. M2003-00192, 2005 Tenn. App. LEXIS 583, *15-16 (Tenn. Ct. App. Sept. 14, 2005); Keating v. Office of Thrift Supervision, 45 F.3d 322, 325 (9th Cir. 1995); and Hicks v. City of New York, 268 F. Supp. 2d 238, 241 (E.D.N.Y. 2003)).

factors as determined by Magistrate Judge Pham weigh against the stay of this litigation.  Thus, the objections are DENIED and the order of the Magistrate Judge is AFFIRMED.

**IT IS SO ORDERED** this 28th day of December, 2006.

                                  s/  J. DANIEL BREEN
                                  UNITED STATES DISTRICT JUDGE