IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

ALAERIC TEVON BIRGE, a minor,
by mother and next friend,
PHENIQUESKI S. MICKENS,

    Plaintiff,

v.                                                                                           No. 04-2531 B

DOLLAR GENERAL CORPORATION,
DOLGENCORP, INC.,
TOMMY LEE TURLEY,
JEREMY GARRETT,
COREY RICHMOND,

    Defendants.
_____

ORDER OVERRULING OBJECTIONS AND AFFIRMING
THE MAGISTRATE JUDGE'S ORDER
_____

On March 8, 2006, Magistrate Judge Tu Pham entered an order denying the motion to exclude all evidence of crimes and conditions outside of the "immediate vicinity" of the Dollar General store. On March 22, 2006, the Plaintiff, Alaeric Tevon Birge, a minor by his mother and next friend Phenigueski S. Mickens ("Birge"), filed an appeal of the Magistrate Judge's order. For the reasons set forth below, the order of the Magistrate Judge is AFFIRMED.

On March 29, 2004, Dexter Birge, the father of the minor Plaintiff, Alaeric Birge, parked his car in the Dollar General parking lot located at 7110 East Shelby Drive in Memphis and went inside the store. (Pl.'s Appeal of the Magistrate Judge's Order at 1). As Birge exited the store and entered onto the parking lot, he was approached by three men who demanded that Birge give them his keys "so that they could take his tire rims." (Order Granting Def.'s Mot. to Exclude Testimony of David

1

H. Ciscel).  During an ensuing struggle, Birge was shot and killed.  Thereafter, the Plaintiff filed this cause of action, alleging that Dollar General was negligent in failing to prevent Birge's death, which occurred on its premises.  (Id. at 3).

On February 2, 2006, the Plaintiff filed a motion in limine to "exclude all evidence of crimes and conditions outside of the immediate vicinity and to determine what constitutes the immediate vicinity." (Order Den. Pl.'s Mot. in Limine, March 8, 2006, at 1) ("Order").  The Plaintiff's motion was based upon Defendant Dollar General's intent to introduce the following evidence at the trial:

> (1) ICAP Aggregate Data for a 1-Mile Radius around the Dollar General store; (2) Memphis Police Department SCAT Unit list of incidents at the Dollar General store; (3) Memphis Police Department Crime Analysis search request data of all businesses within a one mile radius of the Dollar General store; and (4) copies of the Memphis Police Department crime analysis reports for certain locations in close proximity to the Dollar General store.

(Id. at 2).  Birge argued that this evidence was irrelevant and therefore inadmissible because it occurred outside the store's "immediate vicinity."  (Id.).  The Plaintiff asserted that only evidence of criminal activity occurring at the Dollar General store or its adjacent parking lot should be admissible at the trial.

Magistrate Judge Pham began his analysis by noting that in a previous order, he had excluded evidence of crime rates for the city of Memphis generally because the "citywide crime statistics covers too broad an area and [is] too speculative to be relevant in determining the likelihood of violent crime occurring at the Dollar General store."  (Id.); see also (Order Granting in Part and Den. in Part Def.'s Mot. in Limine, Jan. 11, 2006).  Judge Pham, however, was unwilling to extend that order to "exclude all evidence of crime and crime rates for areas beyond Dollar General's store and parking lot," concluding that "such a restriction . . . is not supported under

Tennessee law." (Id. at 3).

In McClung v. Delta Square Ltd. Partnership, 937 S.W.2d 891, 904 (Tenn. 1996), the Tennessee Supreme Court held that businesses must take reasonable precautionary measures to ensure the safety of their customers from foreseeable criminal acts by third parties.

> As a practical matter, the requisite degree of foreseeability essential to establish a duty to protect against criminal acts will almost always require that prior instances of crime have occurred on or in the immediate vicinity of defendant's premises. Courts must consider the location, nature, and extent of previous criminal activities and their similarity, proximity, or other relationship to the crime giving rise to the cause of action.

McClung, 937 S.W.2d at 902 (emphasis added) (footnote omitted).

In denying the Plaintiff's motion in limine, Judge Pham noted that in McClung, the Tennessee Supreme Court "rejected the same argument that Birge offers here - that only evidence of prior criminal incidents that occurred on the defendant's premises are relevant and admissible." (Order at 3) (citing McClung, 937 S.w.2d at 899-902; and Patterson-Khoury v. Wilson World Hotel-Cherry Rd., Inc., 139 S.W.3d 281, 286 (Tenn. Ct. App. 2003)).

Pursuant to Rule 72 of the Federal Rules of Civil Procedure, upon the filing of objections, the district court, in a review of rulings on nondispositive preliminary motions, is to "consider such objections and . . . modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); see also Baker v. Peterson, 67 Fed. Appx. 308, 310 (6th Cir. June 5, 2003). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. U.S. Gypsum Co., 333 U.S. 364, 395, 68 S. Ct. 525, 542 (1948). Based upon a careful review of the order and the filings of the parties, the

3

undersigned is not firmly convinced that the Magistrate Judge's conclusions were mistaken.  The relevant case law supports Judge Pham's conclusions.  Thus, the objections are DENIED and the order of the Magistrate Judge is AFFIRMED.

    **IT IS SO ORDERED** this 28th day of December, 2006.

                        s/  J. DANIEL BREEN
                        UNITED STATES DISTRICT JUDGE