IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

ALAERIC TEVON BIRGE, a minor,
by mother and next friend,
PHENIQUESKI S. MICKENS,

      Plaintiff,

v.                                                   No. 04-2531 B

DOLLAR GENERAL CORPORATION,
DOLGENCORP, INC.,
TOMMY LEE TURLEY,
JEREMY GARRETT,
COREY RICHMOND,

      Defendants.
_____

ORDER OVERRULING OBJECTIONS AND AFFIRMING
THE MAGISTRATE JUDGE'S ORDER
_____

On February 2, 2006, Magistrate Judge Tu Pham entered an order granting the motion of the Defendants, Dollar General Corporation and Dolgencorp, Inc. (collectively "Dollar General"), to exclude the opinion and testimony of Dr. John Hutson, a purported commercial security measures expert employed by the Plaintiff, Alaeric Tevon Birge, a minor by his mother and next friend Pheniqueski S. Mickens.  Disagreeing with the ruling, the Plaintiff filed an appeal of the Magistrate Judge's order on February 17, 2006.  For the reasons set forth below, the order of the Magistrate Judge is AFFIRMED.

On March 29, 2004, Dexter Birge, the father of the minor Plaintiff, Alaeric Birge, parked his car in the Dollar General parking lot located at 7110 East Shelby Drive in Memphis and went inside the store.  (Pl.'s Appeal of the Magistrate Judge's Order at 1).  As Birge exited the store and entered

onto the parking lot, he was approached by three men who demanded that Birge give them his keys "so that they could take his tire rims." (Order Granting Def.'s Mot. to Exclude Testimony of David H. Ciscel at 2). During an ensuing struggle, Birge was shot and killed. Thereafter, the Plaintiff filed this cause of action, alleging that Dollar General was negligent in failing to prevent Birge's death, which occurred on its premises. (Id. at 3).

On January 3, 2006, Dollar General filed a motion in limine to exclude the testimony of Dr. Hutson on the grounds that he was not qualified to opine "on the deterrence value of security measures," that he used "an unrealiable methodology to form his opinions," and that his opinions would "not assist the trier of fact." (Order Granting Def.'s Mot. to Exclude Testimony of John Hutson at 3) ("Order").

In granting Dollar General's motion, Magistrate Judge Pham determined

> that Dr. Hutson [was] not qualified to provide expert opinion on the effect of security measures on the criminal defendants. Dr. Hutson is a clinical psychologist engaged in private practice in Memphis. Dr. Hutson received his bachelor's degree from Ohio State University in 1968, with a major in psychology. In 1975, Dr. Hutson received a Ph.D. in clinical psychology from the University of Tennessee. Dr. Hutson began his current private practice of clinical psychology in 1985. Since 1987, Dr. Hutson has also been affiliated with St. Francis and Lakeside Hospitals and is a contract employee of the Midtown Mental Health Center in Memphis. . . . The majority of Dr. Hutson's practice consists of conducting psychological evaluations on individuals for lawyers and judges in criminal, civil, and administrative law matters, primarily for the purposes of determining competency to stand trial and future dangerousness in connection with sentencing. . . .
>
> Although Dr. Hutson undoubtedly possesses specialized knowledge beyond the understanding of the average layman as a psychologist in the field of criminal mental evaluations, he does not have any expertise or training that qualifies him to provide expert testimony concerning the deterrent effect of security measures on criminal defendants. Dr. Hutson has never provided expert testimony on the issues of deterrence or premises liability. . . . Moreover, in

2

> reaching his opinion, he did not read any peer-reviewed articles, treatises, textbooks, or empirical research on the deterrent effect of security measures, nor has he conducted any research on the issue.
>
> . . . .
>
> The court finds that Dr. Hutson's experience in evaluating the competency and sanity of criminal defendants does not render him sufficiently qualified to offer an expert opinion on the deterrent effect of security measures in this case. . . .
>
> Moreover, even if the court were to conclude that Dr. Hutson is qualified to provide such expert testimony, the methodology used by Dr. Hutson in this case is unreliable.

(Order at 7-9).

> Rule 702 of the Federal Rules of Evidence provides in pertinent part that

> [i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise. . . .

In <u>Daubert v. Merrell Dow Pharms., Inc.</u>, 509 U.S. 579, 597, 113 S. Ct. 2786, 2799 (1993), the Supreme Court held that, prior to admitting expert testimony, the district court must satisfy itself that the testimony "rests on a reliable foundation and is relevant to the task at hand." <u>Daubert</u>'s application extends "not just to scientific evidence but to all expert testimony, including testimony based on technical and other specialized knowledge." <u>Nemir v. Mitsubishi Motors Corp.</u>, 381 F.3d 540, 554-555 (6th Cir. 2004), <u>reh'g en banc denied</u>, (Oct. 28, 2004) (citation omitted).

In order to cross the threshold of admissibility, "a witness must first establish his expertise by reference to 'knowledge, skill, experience, training, or education.'" <u>Pride v. BIC Corp.</u>, 218 F.3d 566, 577 (6th Cir. 2000) (quoting Fed. R. Evid. 702). Although courts are to interpret this requirement liberally, that "does not mean that a witness is an expert simply because he claims to be." <u>Id.</u> (citing and quoting <u>In re Paoli Yard PCB Litigation</u>, 916 F.2d 829, 855 (3d Cir. 1990)).

The Supreme Court in <u>Daubert</u> also "listed several factors which the lower courts should consider in determining the reliability of scientific evidence, including: whether the theory can be reliably tested; whether it has been subject to peer review; what the theory or test's potential rate of error of is; whether there are standards controlling the test's operations; whether the theory or test is generally accepted; and whether the expert conducted the work independent of litigation." <u>Thomas v. City of Chattanooga</u>, 398 F.3d 426, 431 n.1 (6th Cir. 2005), <u>cert. denied</u>, 126 S. Ct. 338 (2005) (citing <u>Daubert</u>, 509 U.S. at 590-97).

Pursuant to Rule 72 of the Federal Rules of Civil Procedure, upon the filing of objections, the district court, in a review of rulings on nondispositive preliminary motions, is to "consider such objections and . . . modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); <u>see also</u> <u>Baker v. Peterson</u>, 67 Fed. Appx. 308, 310 (6th Cir. June 5, 2003). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." <u>United States v. U.S. Gypsum Co.</u>, 333 U.S. 364, 395, 68 S. Ct. 525, 542 (1948). Based upon a careful review of the order and the filings of the parties, the undersigned is not firmly convinced that the Magistrate Judge's conclusions were mistaken. Although Dr. Hutson clearly possesses specialized knowledge, his expertise does not extend to the opinion testimony he proposes to give at the trial. Thus, the objections are DENIED and the order of the Magistrate Judge is AFFIRMED.

**IT IS SO ORDERED** this 29th day of December, 2006.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

4

5