IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

ALAERIC TEVON BIRGE, a minor,
by mother and next friend,
PHENIQUESKI S. MICKENS,

    Plaintiff,

v.                                                                  No. 04-2531 B

DOLLAR GENERAL CORPORATION,
DOLGENCORP, INC.,
TOMMY LEE TURLEY,
JEREMY GARRETT,
COREY RICHMOND,

    Defendants.

_____

ORDER OVERRULING OBJECTIONS AND AFFIRMING
THE MAGISTRATE JUDGE'S ORDER
_____

On February 2, 2006, Magistrate Judge Tu Pham entered an order granting in part and denying in part the motion by Defendants Dollar General Corporation and Dolgencorp., Inc. (collectively "Dollar General"), to exclude media coverage. On February 14, 2006, the Plaintiff, Alaeric Tevon Birge, a minor by his mother and next friend Pheniqueski S. Mickens, filed an appeal of the Magistrate Judge's order. For the reasons set forth below, the order of the Magistrate Judge is AFFIRMED.

On March 29, 2004, Dexter Birge, the father of the minor Plaintiff, Alaeric Birge, parked his car in the Dollar General parking lot located at 7110 East Shelby Drive in Memphis and went inside the store. (Pl.'s Appeal of the Magistrate Judge's Order at 1). As Birge exited the store and entered onto the parking lot, he was approached by three men who demanded that Birge give them his keys

1

"so that they could take his tire rims." (Order Granting Def.'s Mot. to Exclude Testimony of David H. Ciscel). During an ensuing struggle, Birge was shot and killed. Thereafter, the Plaintiff filed this cause of action, alleging that Dollar General was negligent in failing to prevent Birge's death, which occurred on its premises. (Id. at 3).

On January 9, 2006, Dollar General filed a motion in limine to exclude the Plaintiff's introduction at the trial of any evidence relating to media coverage because "it [was] irrelevant, prejudicial, and its audio contains hearsay statements." (Order Granting in Part and Den. in Part Defs.' Mot. in Limine, Feb. 2, 2006, at 2) ("Order"). Dollar General alternatively asked "that the video footage be shown to the jury without sound." (Order at 2).

In making his determination, Magistrate Pham stated,

> The court has viewed the video and finds that the news footage is relevant only to the extent that it shows the conditions of the Dollar General store and its parking lot on the night of March 29, 2004. Dollar General's motion is therefore DENIED with respect to video footage of the Dollar General store and parking lot. However, the court finds that only the video footage showing the Dollar General store and its parking lot is relevant; other footage that shows local television news anchors, reporters, and interviews of witnesses is irrelevant to Birge's claim and may potentially be prejudicial to Dollar General. . . . In addition, the court finds that the audio portion contains hearsay statements and material prejudicial to Dollar General. . . . [T]herefore . . . Birge may not play the videotape with sound at trial.

(Id.).

Pursuant to Rule 72 of the Federal Rules of Civil Procedure, upon the filing of objections, the district court, in a review of rulings on nondispositive preliminary motions, is to "consider such objections and . . . modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); see also Baker v. Peterson, 67 Fed. Appx. 308,

310 (6th Cir. June 5, 2003).  "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  <u>United States v. U.S. Gypsum Co.</u>, 333 U.S. 364, 395, 68 S. Ct. 525, 542 (1948).  Based upon a careful review of the order and the filings of the parties, the undersigned is not firmly convinced that the Magistrate Judge's conclusions were mistaken.  Thus, the objections are DENIED and the order of the Magistrate Judge is AFFIRMED.

    **IT IS SO ORDERED** this 29th day of December, 2006.


                                           s/  J. DANIEL BREEN
                                           UNITED STATES DISTRICT JUDGE