IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

ALAERIC TEVON BIRGE, a minor,
by mother and next friend,
PHENIQUESKI S. MICKENS,

    Plaintiff,

v.                                                                    No. 04-2531 B

DOLLAR GENERAL CORPORATION,
DOLGENCORP, INC.,
TOMMY LEE TURLEY,
JEREMY GARRETT,
COREY RICHMOND,

    Defendants.
_____

ORDER OVERRULING OBJECTIONS AND AFFIRMING
THE MAGISTRATE JUDGE'S ORDER
_____

On February 2, 2006, Magistrate Judge Tu Pham entered an order granting the motion by Defendants Dollar General Corporation and Dolgencorp., Inc. (collectively "Dollar General"), to exclude all evidence regarding crime rates for the city of Memphis generally. On February 15, 2006, the Plaintiff, Alaeric Tevon Birge, a minor by his mother and next friend Pheniqueski S. Mickens, filed an appeal of the Magistrate Judge's order. For the reasons set forth below, the order of the Magistrate Judge is AFFIRMED.

On March 29, 2004, Dexter Birge, the father of the minor Plaintiff, Alaeric Birge, parked his car in the Dollar General parking lot located at 7110 East Shelby Drive in Memphis and went inside the store. (Pl.'s Appeal of the Magistrate Judge's Order at 1). As Birge exited the store and entered onto the parking lot, he was approached by three men who demanded that Birge give them his keys "so that they could take his tire rims." (Order Granting Def.'s Mot. to Exclude Testimony of David

H. Ciscel).  During an ensuing struggle, Birge was shot and killed.  Thereafter, the Plaintiff filed this cause of action, alleging that Dollar General was negligent in failing to prevent Birge's death, which occurred on its premises.  (Id. at 3).

On January 9, 2006, Dollar General filed a motion in limine to exclude the Plaintiff's introduction of evidence at the trial relating to the overall crime statistics for the city of Memphis. (Order Granting Defs.' Mot. in Limine, Feb. 2, 2006, at 1) ("Order").  In granting the Defendants' motion, Magistrate Pham stated,

> Birge does not offer any statistical proof that the Dollar General store is located in a high crime area.  Instead, he offers a seemingly illogical inference that because the store is in Memphis, and because the city of Memphis is a high crime city, the Dollar General store is in a high crime area.  Birge's inference, however, is both contrary to human experience and unsupported by Tennessee law.  Birge has not pointed to, and the court was unable to find, any Tennessee case relying on citywide - rather than neighborhood-focused - crime statistics in its foreseeability determination.
> . . . This court . . . finds that general crime statistics for the city of Memphis, without more, are too speculative to be relevant to the court's foreseeability inquiry.

(Order at 2-3) (quoting Order Granting in Part and Den. in Part Def.s' Mot. in Limine, Jan. 11, 2006, at 10-11).

Pursuant to Rule 72 of the Federal Rules of Civil Procedure, upon the filing of objections, the district court, in a review of rulings on nondispositive preliminary motions, is to "consider such objections and . . . modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law."  Fed. R. Civ. P. 72(a); see also Baker v. Peterson, 67 Fed. Appx. 308, 310 (6th Cir. June 5, 2003).  "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  United States v. U.S. Gypsum Co., 333 U.S. 364, 395, 68 S. Ct. 525, 542 (1948).  Based upon a careful review of the order and the filings of the parties, the

undersigned is not firmly convinced that the Magistrate Judge's conclusions were mistaken. The overall crime statistics for the city of Memphis are not relevant to the issue of foreseeability in this case. See, e.g., Z Gem Co. v. Dollar Rent-A-Car, No. 03-2983, 2005 U.S. Dist. LEXIS 38293, at *15 (W.D. Tenn. Dec. 21, 2005) (Mays, J.) (finding that "[e]vidence that the entire city of Memphis had a higher percentage of robberies than the national average . . . fails to address the McClung [v. Delta Square Ltd. Partnership, 937 S.W.2d 891 (Tenn. 1996),] requirement" of prior crimes occurring on or near the defendant's premises). Thus, the objections are DENIED and the order of the Magistrate Judge is AFFIRMED.

**IT IS SO ORDERED** this 29th day of December, 2006.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE