IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

ALAERIC TEVON BIRGE, a minor,
by mother and next friend,
PHENIQUESKI S. MICKENS,

      Plaintiff,

v.                                    No. 04-2531 B

DOLLAR GENERAL CORPORATION,
DOLGENCORP, INC.,
TOMMY LEE TURLEY,
JEREMY GARRETT,
COREY RICHMOND,

      Defendants.
_____

ORDER OVERRULING OBJECTIONS AND AFFIRMING
THE MAGISTRATE JUDGE'S ORDER
_____

      On January 11, 2006, Magistrate Judge Tu Pham entered an order granting in part and denying in part the motion of the Defendants, Dollar General Corporation and Dolgencorp, Inc. (collectively "Dollar General"), to exclude evidence relating to other criminal activity.  On January 23, 2006, the Plaintiff, Alaeric Tevon Birge, a minor by his mother and next friend Pheniqueski S. Mickens, filed an appeal of the Magistrate Judge's order.  For the reasons set forth below, the order of the Magistrate Judge is AFFIRMED.

      On March 29, 2004, Dexter Birge, the father of the minor Plaintiff, Alaeric Birge, parked his car in the Dollar General parking lot located at 7110 East Shelby Drive in Memphis and went inside the store. (Pl.'s Appeal of the Magistrate Judge's Order at 1).  As Birge exited the store and entered

1

onto the parking lot, he was approached by three men who demanded that Birge give them his keys "so that they could take his tire rims." (Order Granting Def.'s Mot. to Exclude Testimony of David H. Ciscel at 2). During an ensuing struggle, Birge was shot and killed. Thereafter, the Plaintiff filed this cause of action, alleging that Dollar General was negligent in failing to prevent Birge's death, which occurred on its premises. (Id. at 3).

On November 9, 2005, Dollar General filed a motion in limine to exclude the Plaintiff's introduction at the trial of any evidence (1) of crimes occurring "outside the Dollar General store building and parking lot," (2) of crimes that were "too remote in time," and (3) of crimes that were "not similar to the crime at issue." (Order Granting in Part and Den. in Part Defs.' Mot. in Limine, Jan. 11, 2006, at 3) ("Order"). The basis of Dollar General's motion was that such evidence was irrelevant under Federal Rule of Evidence 402. (Id.).

In making his determination, Judge Pham considered the applicable Tennessee case law and granted the Defendants' motion "with respect to evidence showing that Memphis has a high crime rate" but denied it "with respect to all other grounds." On appeal, the Plaintiff challenges only "the portion of Magistrate Pham's Order, which precludes the admission of evidence showing that the City of Memphis has a high crime rate." (Pl.'s Objection to the Magistrate Judge's Order Granting in Part and Den. in Part Def.'s Mot. in Limine, Jan. 23, 2006, at 2).

In <u>McClung v. Delta Square Ltd. Partnership</u>, 937 S.W.2d 891, 904 (Tenn. 1996), the Tennessee Supreme Court held that businesses must take reasonable precautionary measures to ensure the safety of their customers from foreseeable criminal acts by third parties.

> As a practical matter, the requisite degree of foreseeability essential to establish a duty to protect against criminal acts will almost always require that prior instances of crime have occurred <u>on or in the immediate vicinity of defendant's premises</u>. Courts must consider the

2

> location, nature, and extent of previous criminal activities and their similarity, proximity, or other relationship to the crime giving rise to the cause of action.

McClung, 937 S.W.2d at 902 (emphasis added) (footnote omitted). The court also adopted a balancing approach to use in order to weigh the duty that exists based upon foreseeability of harm against the "commensurate burden imposed on the business to protect against that harm." Id.

Pursuant to Rule 72 of the Federal Rules of Civil Procedure, upon the filing of objections, the district court, in a review of rulings on nondispositive preliminary motions, is to "consider such objections and . . . modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); see also Baker v. Peterson, 67 Fed. Appx. 308, 310 (6th Cir. June 5, 2003). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. U.S. Gypsum Co., 333 U.S. 364, 395, 68 S. Ct. 525, 542 (1948). Based upon a careful review of the order and the filings of the parties, the undersigned is not firmly convinced that the Magistrate Judge's conclusions were mistaken. McClung precludes consideration of overall criminal activity in a city as large as Memphis with regard to the issue of foreseeability. 937 S.W.2d at 902; see also Z Gem Co. v. Dollar Rent-A-Car, No. 03-2983, 2005 U.S. Dist. LEXIS 38293, at *15 (W.D. Tenn. Dec. 21, 2005) (Mays, J.) (finding that "[e]vidence that the entire city of Memphis had a higher percentage of robberies than the national average . . . fails to address the McClung [v. Delta Square Ltd. Partnership, 937 S.W.2d 891 (Tenn. 1996),] requirement" of prior crimes occurring on or near the defendant's premises). However, McClung and its progeny allow for a plaintiff to introduce evidence of criminal activity in the area around a business to be considered in determining foreseeability. See, e.g., Patterson-

3

Khoury v. Wilson World Hotel-Cherry Rd., Inc., 139 S.W.3d 281, 286 (Tenn. Ct. App. 2003) ("Although evidence of crime in the 'immediate vicinity' is relevant and admissible to determine foreseeability, clearly evidence of crime on the property itself is the best evidence."). Thus, the objections are DENIED and the order of the Magistrate Judge is AFFIRMED.

In its response to the Plaintiff's objections, the Defendants request clarification of the Magistrate Judge's Order. Specifically, Dollar General seeks clarification of the following issue: "if the Court determines, as a matter of law, that the crime at issue was foreseeable, thereby establishing a duty, whether Plaintiff will be allowed to present to the jury evidence of any crime occurring in the immediate vicinity of Dollar General's premises. Dollar General contends that this evidence will be irrelevant to the remaining issues before the jury and will likely confuse and mislead the jury." (Defs.' Resp. to Pl.'s Objection to the Magistrate Judge's Order Granting in Part and Den. in Part Defs.' Mot. in Limine, Jan. 27, 2006, at 2-3).

The Court notes that this issue was not presented to the Magistrate Judge for determination, nor was it addressed by him in his Order. Therefore, it is not properly before this Court on appeal. See Fed. R. Civ. P. 72(a).

**IT IS SO ORDERED** this 29th day of December, 2006.

                                                               s/ J. DANIEL BREEN
                                                               UNITED STATES DISTRICT JUDGE