IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

ALAERIC TEVON BIRGE, a minor,
by mother and next friend,
PHENIQUESKI S. MICKENS,

    Plaintiff,

v.                                  No. 04-2531 B

DOLLAR GENERAL CORPORATION,
DOLGENCORP, INC.,
TOMMY LEE TURLEY,
JEREMY GARRETT,
COREY RICHMOND,

    Defendants.
_____

ORDER OVERRULING OBJECTIONS AND AFFIRMING
THE MAGISTRATE JUDGE'S ORDER
_____

On February 3, 2006, Magistrate Judge Tu Pham entered an order granting in part and denying in part the motion of the Defendants, Dollar General Corporation and Dolgencorp, Inc. (collectively "Dollar General"), to exclude all evidence regarding Dollar General's financial condition and to bifurcate the trial. Disagreeing with part of the ruling, Dollar General filed an appeal of the Magistrate Judge's order on February 16, 2006, as to admitting evidence of Dollar General's financial condition. For the reasons set forth below, the order of the Magistrate Judge is AFFIRMED.

On March 29, 2004, Dexter Birge, the father of the minor Plaintiff, Alaeric Birge, parked his car in the Dollar General parking lot located at 7110 East Shelby Drive in Memphis and went inside the store. (Pl.'s Appeal of the Magistrate Judge's Order at 1). As Birge exited the store and entered

onto the parking lot, he was approached by three men who demanded that Birge give them his keys "so that they could take his tire rims." (Order Granting Def.'s Mot. to Exclude Testimony of David H. Ciscel at 2). During an ensuing struggle, Birge was shot and killed. Thereafter, the Plaintiff filed this cause of action, alleging that Dollar General was negligent in failing to prevent Birge's death, which occurred on its premises. (Id. at 3).

On January 9, 2006, Dollar General filed a motion in limine to exclude all evidence of its financial condition and a motion to bifurcate the trial. As to the motion regarding its financial condition, Dollar General argued that such information was irrelevant and inadmissible. In his order, Judge Pham granted the motion to bifurcate but denied the motion to exclude all evidence of Dollar General's financial condition. (Order Granting in Part and Den. in Part Defs.' Mot. in Limine, Jan. 3, 2006, at 2-5) ("Order").

In making his determination, Judge Pham noted that although evidence of a party's financial condition is generally inadmissible in a civil negligence action, Eisenhauer v. Burger, 431 F.2d 833, 837 (6th Cir. 1970), "such evidence is relevant to the duty owed by a defendant in premises liability actions arising under Tennessee law."[1] (Order at 2).

In McClung v. Delta Square Ltd. Partnership, 937 S.W.2d 891, 904 (Tenn. 1996), the Tennessee Supreme Court held that businesses must take reasonable precautionary measures to ensure the safety of their customers from foreseeable criminal acts by third parties.

> As a practical matter, the requisite degree of foreseeability essential to establish a duty to protect against criminal acts will almost always require that prior instances of crime have occurred <u>on or in the immediate vicinity of defendant's premises</u>. Courts must consider the location, nature, and extent of previous criminal activities and their

---

[1] Neither party disputes that Tennessee law applies to this action.

> similarity, proximity, or other relationship to the crime giving rise to the cause of action.

McClung, 937 S.W.2d at 902 (emphasis added) (footnote omitted). The court also adopted a balancing approach to use in order to weigh the duty that exists based upon foreseeability of harm against the "commensurate burden imposed on the business to protect against that harm." Id. Concerning the balancing approach, the court stated,

> In determining the duty that exists, the foreseeability of harm and the gravity of harm must be balanced against the commensurate burden imposed on the business to protect against that harm. In cases in which there is a high degree of foreseeability of harm and the probable harm is great, the burden imposed upon defendant may be substantial. Alternatively, in cases in which a lesser degree of foreseeability is present or the potential harm is slight, less onerous burdens may be imposed. By way of illustration, using surveillance cameras, posting signs, installing improved lighting or fencing, or removing or trimming shrubbery might, in some instances, be cost effective and yet greatly reduce the risk to customers. See Seibert v. Vic Regnier Builders, Inc., 856 P.2d at 1339-40. In short, "the degree of foreseeability needed to establish a duty decreases in proportion to the magnitude of the foreseeable harm" and the burden upon defendant to engage in alternative conduct. Pittman v. Upjohn Co., 890 S.W.2d at 433 (Tenn. 1994). "As the gravity of the possible harm increases, the apparent likelihood of its occurrence need be correspondingly less to generate a duty of precaution." Prosser & Keeton on the Law of Torts at 171. The degree of foreseeability needed to establish a duty of reasonable care is, therefore, determined by considering both the magnitude of the burden to defendant in complying with the duty and magnitude of the foreseeable harm.

Id.

Pursuant to Rule 72 of the Federal Rules of Civil Procedure, upon the filing of objections, the district court, in a review of rulings on nondispositive preliminary motions, is to "consider such objections and . . . modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); see also Baker v. Peterson, 67 Fed. Appx. 308,

310 (6th Cir. June 5, 2003).  "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  United States v. U.S. Gypsum Co., 333 U.S. 364, 395, 68 S. Ct. 525, 542 (1948).  Based upon a careful review of the order and the filings of the parties, the undersigned is not firmly convinced that the Magistrate Judge's conclusions were mistaken. McClung clearly requires the trier of fact to consider whether greater security at the Dollar General store in this case would have caused an "onerous [financial] burden" on the Defendants.  937 S.W.2d at 902.  Thus, this evidence will need to be presented to the jury.  To the extent that Defendants' financial information will be introduced at trial, the Court will provide a limiting instruction to the jury as to the extent of their consideration of this proof.  Therefore, the objections are DENIED and the order of the Magistrate Judge is AFFIRMED.

In its argument on appeal to this Court, Dollar General seeks clarification of Judge Pham's ruling as to whether it relates to the overall financial condition of Dolgencorp., Inc. or to the financial condition of the Dollar General store located at 7110 East Shelby Drive in Memphis.  The Court notes that this specific issue was not presented to the Magistrate Judge for determination, nor was it addressed by him in his Order.  Therefore, it is not properly before this Court on appeal.  See Fed. R. Civ. P. 72(a).  Furthermore, although Defendants contend in their objections that each Dollar General store has its own budget, there is evidence in the record to conclude that Dolgencorp, Inc. may have had the authority to determine the extent of security measures, and thus their costs, at the various stores, as opposed to simply being a local store decision.

**IT IS SO ORDERED** this 5th day of January, 2007.

                                                s/  J. DANIEL BREEN
                                                UNITED STATES DISTRICT JUDGE